Curia, per
O’Neall, J.
In this case the Court does not perceive any ground for new trial, which can be sustained unconditionally.
The two first grounds in relation to the plat might be sustained, where it was no more than a mere representation ; but here it is referred to in the deed and made a part of it, and of course, parol could not alter, vary or contradict it. If there had been mistake, it would be another question.
The declarations of parties in possession may be given in evidence against their subsequent grantees, but in no case have declarations made after a sale or conveyance, been permitted to be given in evidence. I understand from the report, that *54 the rent for the land, and the gin, for five years last past, would probably very nearly, if not quite, cover the sum found by the jury. It is, therefore, unnecessary to consider the question, whether the jury might or not have included the value of the gin house and screw in their verdict ?
That the statute of limitations cannot help the defendant, is also plain. For the original writ was issued on the 23d of September, 1853; at that time, the defendant had not been ten years in possession, after the partition between himself, his mother, and sisters. That the plaintiff might, under the Act of 1823, 6 Stat. 211, have served the defendant, in Union, and the service would have been good in Newberry where the land lies, is true. But it does not hence follow, that the action was improperly commenced by original, alias, and pluries, resulting in the service on the defendant in Newberry.
The Act gave to the plaintiff an earlier means of bringing his action to trial; but if he chose to wait, and take the usual course of service, he had the right to do so.
But we understand, that the verdict is for six hundred and fifteen dollars, and the damages laid in the declaration are five hundred dollars. The plaintiff cannot therefore enter up judgment on the verdict, without entering a remittitur for the excess. This, according to 2 Tidd, 890-2, Strange, 1110, 1171, he might do of his own accord, and which he must do on the motion of the defendant.
The plaintiff is therefore directed to enter a remittitur, on the record of one hundred and fifteen dollars, the sum which the verdict exceeds the damages, and on this being done, the motion is dismissed, but if the plaintiff should neglect or refuse to enter such remittitur on or before the first day of February, next, then the motion is granted.
Wardlaw, Withers, Whither, Glover and Mukro, JJ., concurred.

New trial nisi.